UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA,

                Plaintiff,

                                    <u>MEMORANDUM and OPINION</u>
                                        12-CV-898 (ARR)

      -against-

THIRTEEN THOUSAND TWO HUNDRED
TWENTY-THREE DOLLARS AND NO CENTS
($13,223.00), MORE OR LESS, IN UNITED STATES
CURRENCY,

                Defendant-in Rem.
------------------------------------------------------------------x

*Gold, S., United States Magistrate Judge*:

      On February 23, 2012, the United States filed a complaint seeking civil forfeiture of

$13,223 (the "funds").  Shortly thereafter, the United States applied for the issuance of a warrant

authorizing the arrest and seizure of the funds.  I declined to issue the warrant at that time,

explained my reservations to the assigned Assistant U.S. Attorney, and asked that the United

States submit a letter brief providing legal support for its application.  The United States has

submitted a letter dated April 10, 2012 in response to my request.  Although the letter does not

provide the legal support I requested, I have decided to sign the warrant.  I issue this

memorandum to explain the reasons for my decision.

      The government's complaint seeks forfeiture of the funds pursuant to Title 31, United

States Code, Sections 5316(a) and 5332(a) and (c).  Because I conclude that the government has

established probable cause pursuant to Section 5316, I do not consider whether arrest and seizure

are warranted pursuant to Section 5332.

      Section 5316(a) provides in pertinent part that when a "person, agent or bailee knowingly

transports . . . more than $10,000 at one time" from inside the United States to a place outside the

country, that person, agent or bailee must file a report.   Any property involved in a violation of Section 5316 is subject to civil forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

The government's forfeiture complaint alleges the following pertinent facts.  On December 30, 2009, Jiminez Mojica and his girlfriend, Yiberka German, were scheduled to leave the United States and travel to the Dominican Republic.  Compl. ¶ 9.  Mojica was carrying $7,723 and German was carrying $5,500.  When questioned by Customs and Border Protection officials, Mojica stated that the currency in German's possession belonged to him; German similarly reported that the money she was carrying belonged to Mojica and that he had asked her to transport it for him.  Compl. ¶ 12.  Modica and German each signed a form of currency report known as a CP 503 in which they declared they were carrying $7,000 and $6,000, respectively. Compl. ¶¶ 10-11. Two months earlier, Mojica attempted to leave the country while carrying $45,000 that he did not report and the funds were discovered and seized.  Compl. ¶ 14.  Mojica did not file a Section 5316 report with respect to the funds he and German were planning to take to the Dominican Republic on December 30, 2009.

As indicated above, the statute requires a report when a "person, agent, *or* bailee" is transporting more than $10,000 across a border.  I initially declined to issue the warrant because it was unclear to me, in light of the statute's use of the disjunctive, whether the currency carried separately by Mojica  and German were appropriately considered one sum for purposes of triggering the statutory reporting requirement.  I also questioned whether the facts alleged by the government supported an inference that Mojica knowingly failed to file a required report or whether, even if Mojica might be charged with knowledge that transporting more than $10,000 triggered a reporting duty (knowledge he likely acquired as a result of the earlier seizure if not before), he could not reasonably have been expected to know that the amounts he and German

were carrying should be totaled when determining whether the $10,000 reporting threshold had been met.

It appears that the amounts Mojica and German were carrying are in fact properly considered to be one sum for purposes of determining whether reporting is required by Section 5316.  Paragraph (d) of the statute authorizes the Secretary of the Treasury to promulgate regulations defining the term "at one time" as used in paragraph (a).  The applicable regulations provide that currency is transported "at one time" when it is transported by a person "either alone, in conjunction with or on behalf of others."  31 C.F.R. § 103.11(b)(1) (2009).  These regulations further provide that a report is required from "[e]ach person who physically transports . . . or causes to be physically transported . . . currency or other monetary instruments *in an aggregate amount* exceeding $10,000 at one time," and explains that "[a] person is deemed to have caused such transportation . . . when he aids, abets, counsels, commands, procures, or requests it to be done by . . . any other person."  31 C.F.R. § 103.23 (2009) (emphasis added).  Because the facts alleged by the government indicate that German was carrying currency on behalf of Mojica, it is the aggregate amount carried by Mojica and German together that determines whether a report pursuant to Section 5316 had to be filed.  Here, the total amount the two were carrying exceeded $10,000 and a report was therefore required.

Although the government has not alleged facts indicating that Mojica knew a report was required under these circumstances, proof of a knowing violation is not a prerequisite to civil forfeiture.  The Second Circuit has explicitly held that

> as a matter of statutory construction the government need not prove in a civil forfeiture action under 31 U.S.C. § 5317(c) that the person who allegedly failed to comply with the reporting requirement of § 5316(a) either had actual knowledge of, or intended 'willfully' to violate, that requirement.

*United States v. $395,500 in United States Currency*, 828 F.2d 930, 934 (2d Cir. 1987); *see also United States v. $94,000 in United States Currency*, 2 F.3d 778, 785 (7th Cir. 1993) (adopting the Second Circuit's reasoning in *$359,500*).  Rather, "[t]he only knowledge requirement is that the person know that he or she is transporting more than $[10],000 out of the country." *United States v. $122,043 in United States Currency*, 792 F.2d 1470, 1474 (9th Cir. 1986) (cited favorably by the Second Circuit in *$395,500).*

The statements attributed to Mojica and German in the complaint provide probable cause to believe that Mojica knew that he and German together were about to carry more than $10,000 of his money out of the United States and to the Dominican Republic.  Even if Mojica did not know that, under those circumstances, a report was required, his lack of knowledge does not preclude civil forfeiture of the funds.  Accordingly, the warrant will issue.

/s/

STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
April 12, 2012

U:/Mojica 12cv898.docx

4